GILES LAMBSON *vs.* JOHN E. MATTHEW.

The levy of a distress for rent is the act of the landlord, and gives him a special property in the goods destrained, until they are replevied or sold.

The bailiff's authority fo destrain may be proved by parol.

The sheriff or constable selling acts as a public officer, and not as the landlord's bailiff; the proceeds are payable to him, snd he is officially bound for the application of the same.

The landlord cannot maintain suit against a purchaser at such sale, for the proceeds.

THIS was an action on the case, by a landlord, for the proceeds of sale of his tenant's goods destrained on; against a purchaser of those goods.

*Josiah Sparks.*—Was employed by plaintiff to sell the property of John T. Enos, on a landlord's warrant and distress for rent, in 1846. Question.—Was your authority for making this distress in writing? Yes. Parol proof of the authority objected to and admitted.

*Court.*—The authority need not be in writing. The proof of such authority by the oath of the bailiff, and the defendant's recognition is sufficient.

The plaintiff then offered to prove that the goods of Enos were appraised and sold; and part of them taken at the appraisement, by

agreement with the landlord, and a part bought at the sale by defendant.

*Gilpin*, first having proved that the appraisement was in writing, still objected that though the distress might be made by the bailiff or agent of the landlord, the sale must be by a public officer, and must he proved to be regular.

*The Court* adhered to its decision, that the sale could not be questioned in this collateral way, by a purchaser. (4 *Harr. Rep.* 341, Tilghman *vs.* Cruson.)

*Witness.*—Defendant, with the assent of the landlord and tenant, agreed to take the winter grain, poultry, cattle, &c., at the appraisement. This was at the sale.

*John T. Enos* offered as as a witness, objected to for interest, and admitted.

This was the tenant; his goods sold for enough to pay the rent of Lambson, and more; he had no interest in the result of this suit.

*Witness.*—The goods were distrained; appraised; and the day of sale came. On that day the defendant, by an agreement with Lambson, and the constable, and myself, agreed to take certain property at the appraisement, and he purchased other articles at the sale. He took thus the wheat, cattle, &c., &c. The amount so taken was to go to Sparks, the constable, to pay the rent of Lambson. Plaintiff closed.

*Gilpin* moved a nonsuit, on the ground that the plaintiff had shown no right of action.

Giles Lambson having a claim of rent to the amount of $425, against John T. Enos, distrained on his property by warrant to his bailiff, Sparks. The distress was made; and by it Lambson acquired a special property in the goods distrained, until replevin or sale, (*Dig.* 363,) and no further. Then Sparks, not as bailiff, but as a public officer, a constable, sold the goods to the defendant. To whom then did the defendant become liable for the proceeds? To the officer selling, and not to the landlord. And who was the landlord to look to for his rent? To the constable; not to the purchaser. There is no proof that the defendant ever agreed to pay the amount of his bid to Lambson. Even Enos said he understood the payment was to be to Sparks; and this is the legal conclusion.

*Whitely.*—If this had been the case of a sale strictly by a sheriff or constable, I agree that the proceeds of sale are due to the officer,

but under the whole system of landlord and tenant, the sale on a distress for rent is made by the landlord's agent, and not by a public officer. The law only requires the landlord to employ a sheriff or constable for such bailiff. In the case of a sale by a sheriff or constable, as such, he has a right of property at the time of sale, and of course the money arising from the sale is payable to him. But here the constable has no property in the goods distrained; up to the moment of sale the property is in the tenant, with a special property in the landlord, for the purposes of sale. Who then has the interest in the proceeds?

*Gilpin,* in reply.—The act (*Dig* 363,) makes a distinction between the acts of the bailiff and the official acts of the constable; it even provides cautiously, that it shall be no objection to the constable that he was the bailiff who made the distress. The authority to make the sale is given to the constable; and whenever it imposes a duty the law gives an authority. It does give him such a property as enables him to proceed to inventory, appraise and sell.

*By the Court.*

HARRINGTON, *Judge.*—The levy of a distress for rent is the act of the landlord, or his bailiff. It gives him a special property in the goods until replevin or sale. If the property be not replevied in five days after notice of the distress, the sheriff or a constable is required on application to have an inventory and appraisement made of the property, and proceed to sell it. This is a statutory execution. The law for very good reason requires the sale to be conducted by a public officer. The contract of the purchaser is with him; the money is payable to him, to be applied according to law, and he is responsible under his official obligation for such disposition of it. There may be prior execution liens, or other preferred claims to the landlord's rent, which cannot be enforced properly if the proceeds of sale are not payable to the officer; neither would it be proper in reference to any surplus, to turn the tenant round to the landlord instead of the officer, who is bound to pay it to him. If the officer, Sparks, then has the right to recover the money of defendant, the landlord cannot, and this plaintiff must be nonsuited.

Nonsuit ordered; and rule to show cause why the nonsuit should not be taken off.

*Whitely,* in support of this rule.—The constable has no property in the goods; the landlord has. The duty of the constable is mere-

ly to sell and pay over proceeds; yet having no property in the goods, he has no power to bring the suit.

*Gilpin.*—At common law the landlord had no right to sell the tenant's goods. He might distrain the goods, and thus coerce payment; but he could not sell. The right to sell goods distrained is entirely derived from the act, and the power is there given to a public officer. The landlord may distrain, by himself or by a bailiff; but he cannot sell. The officer is the only person that can sell, or can make title to the goods; the only person who could give an acquittance for the purchase money; the only person to receive the money, or to apply it; acting in all as the officer of the law, and under authority of the law. Who then shall sue a purchaser of goods for the amount of his bid? There may be execution liens and a surplus; who is to receive the money and apply it, the landlord or the officer?—the latter bound to official duty and official obligation; the former a party, without the means of knowing of liens, or the power of applying the proceeds, or responsibility for it.

*Whitely.*—No argument can be drawn from the condition of a constable's bond, for a constable of the city of Wilmington might sell, and his bond might be different. The provisions requiring a constable to sell, instead of the landlord, or bailiff, was merely in protection of the tenant.

Rule discharged.

*Whitely*, for Lambson.
*Gilpin* and *Gordon*, for Matthew.